IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES EARL JOHNSON,        )
    Petitioner,        )
                )    Civil Action No. 15-118 Erie
    v.        )    Magistrate Judge Susan Paradise Baxter
                )
JOHN KERESTES, et al.,        )
    Respondents.        )

# **OPINION**[1]

Before the Court is a petition for a writ of habeas corpus filed by state prisoner James Earl Johnson ("Johnson") pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Johnson's claims are denied and a certificate of appealability is denied on all claims.

## I.

### A. **Relevant Background**[2]

In June 2011, at the conclusion of a non-jury trial held before the Court of Common Pleas of Erie County, Johnson was found guilty of rape, burglary and terroristic threats. Prior to sentencing, the Commonwealth notified him of its intent to seek the mandatory minimum sentence pursuant to 42 Pa.C.S. § 9714(a)(2) because his criminal record included three prior convictions for burglary and rape. The court subsequently determined that protection of public safety required it to sentence Johnson to life without parole on the rape conviction, a consecutive sentence of life without parole on the

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2] Respondents filed a hard copy of the state court record "SCR" with the Court. The documents contained in the file are indexed and numbered 1 through 88, and shall be cited herein as "SCR ___ ." Respondents also have electronically filed at ECF No. 13 certain relevant state court records, including the appellate briefs and the decisions issued by the Superior Court of Pennsylvania.

1

burglary conviction, and a term of 30-60 months of incarceration on the terroristic threats conviction. Commonwealth v. Johnson, No. 1852 WDA 2011, slip op. at 1-5 (Pa.Super.Ct. Aug. 10, 2012) ("Johnson I").[3]

Johnson raises two grounds for habeas relief in the petition he filed with this Court. In **Claim One**, he contends that his trial counsel was ineffective "for failing to object to the sentencing court violating [his] Eighth and Sixth Amend[ment] rights by imposing an additional enhanced sentence for burglary." [ECF No. 1 at 5]. In **Claim Two**, he contends that his trial counsel was ineffective "for failing to object to the sentencing court violating his Sixth Amend[ment] rights by enhancing the sentence on judge found facts." [ECF No. 1 at 7].

In Pennsylvania, a defendant may not litigate ineffective assistance of trial counsel claims on direct appeal.[4] Such claims must be raised in a collateral proceeding filed pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 et seq. Commonwealth v. Grant, 813 A.2d 726 (Pa. 2002). Johnson admits that he did not raise either Claim One or Claim Two in his PCRA proceeding (which he commenced in December 2012 and which concluded in December 2014). He faults the attorney that the PCRA court appointed to represent him, William J. Hathaway, Esquire, for failing to do so, and as part of both Claim One and Claim Two Johnson raises the specific claim that Attorney Hathaway was ineffective. [ECF No. 1 at 5-8].

---

3      Johnson I is located on the Court's docket at ECF No. 13-1 at 19-30.

4      In his direct appeal to the Superior Court of Pennsylvania, Johnson raised the following three claims:

1. The trial court improperly failed to suppress the victim's identification of him as unduly suggestive;
2. The trial court labeled him as a Sexually Violent Predator under Megan's Law based on a factual inaccuracy in the expert's testimony; and,
3. The trial court imposed an unnecessarily harsh sentence that did not account for mitigating factors.

Johnson I, No. 1852 WDA 2011, slip op. at 5.

2

In their answer [ECF No. 13], the Respondents assert, *inter alia*, that Johnson failed to exhaust his claims. As a result, his claims are procedurally defaulted. Johnson filed a reply. [ECF No. 17]. As he did in his petition [ECF No. 1] and brief in support [ECF No. 2], Johnson asserts that both his trial counsel and his PCRA counsel, Attorney Hathaway, provided him with ineffective assistance.

**B.     Discussion**

Johnson filed his petition pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under this statute, "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Errors of state law are not cognizable in a federal habeas action. Id. See also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

### 1.     The Claim that PCRA Counsel Was Ineffective is Not Cognizable

Johnson's claim that Attorney Hathaway provided him with ineffective assistance during the PCRA proceeding is not cognizable as a stand-alone claim in this federal habeas action. Section 2254(i) expressly prohibits such claims. It provides:"[t]he ineffectiveness of counsel during Federal or State collateral post-conviction proceedings shall not be ground for relief in a proceeding arising under section 2254." See also Coleman v. Thompson, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551 (1987);… Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings. See Wainwright v. Torna, 455 U.S. 586 (1982) (where there is no constitutional right to counsel there can be no deprivation of effective assistance).").

3

## 2. The Claims that Trial Counsel Was Ineffective Are Procedurally Defaulted

The "exhaustion doctrine" requires that a petitioner challenging his state custody in a federal habeas action must raise his federal constitutional claims in state court through the proper procedures before he litigates them in a federal court. See, e.g., Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) ("[i]t is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted the remedies available in the state courts.") (citing 28 U.S.C. § 2254(b)(1)(A)). This "exhaustion" requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman, 501 U.S. at 731. See also O'Sullivan v. Boerckel, 526 U.S. 838, 842-49 (1999).

> [It is] principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-491, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973). Under our federal system, the federal and state "courts [are] equally bound to guard and protect rights secured by the Constitution." Ex parte Royall, 117 U.S. [241, 251, 6 S.Ct. 734, 740 (1886)]. Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950). See Duckworth v. Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam) (noting that the exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights").

Rose v. Lundy, 455 U.S. 509, 517 (1982) (footnote omitted), abrogated on other grounds by Rhines v. Weber, 544 U.S. 269 (2006).

Importantly, in order to exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's

4

established appellate review process." O'Sullivan, 526 U.S. at 845. In Pennsylvania, this requirement means that a petitioner in a non-capital case must have presented every federal constitutional claim raised in his habeas petition to the Superior Court of Pennsylvania either on direct or PCRA appeal. See, e.g., Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).

The exhaustion doctrine became all the more important after the enactment of AEDPA, which put into place highly deferential standards of review that a federal court must apply to a state court's adjudication of a petitioner's federal constitutional claims and to its findings of fact. 28 U.S.C. § 2254(d) & (e)(1). If the petitioner failed to provide the state court with the opportunity to review his claim on the merits, he is not entitled to *de novo* review in his federal habeas proceeding. Rather, for the reasons set forth below, the claim is unreviewable in federal court and, when there is no longer any available mechanism for the petitioner to exhaust the claim in state court, it is procedurally defaulted. See, e.g., Lines v. Larkin, 208 F.3d 153, 160 (3d Cir. 2000); Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). See also Rolan v. Coleman, 680 F.3d 311, 317 (3d Cir. 2012) ("Procedural default occurs when a claim has not been fairly presented to the state courts (*i.e.*, is unexhausted) and there are not additional state remedies available to pursue[.]"). Like the exhaustion doctrine, the doctrine of procedural default is "grounded in concerns of comity and federalism," Coleman, 501 U.S. at 730, and it bars federal habeas review of a claim whenever the petitioner failed to raise it in compliance with a state's procedural rules. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wainwright v. Sykes, 433 U.S. 72 (1977); Lines, 208 F.3d at 162-69.

As set forth above, under Pennsylvania law a claim that trial counsel was ineffective must be raised in a PCRA proceeding. Johnson admits that he did not exhaust Claim One or Claim Two during his PCRA proceeding. Because he did not do so, each claim is now procedurally defaulted. See, e.g., Larkin, 208 F.3d at 160; Werts, 228 F.3d at 192; Rolan, 680 F.3d at 317. A petitioner who has defaulted

a federal habeas claim can overcome the default, thereby allowing federal court review, if he can demonstrate "cause" for the default, *i.e.*, that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice." See, e.g., Coleman, 501 U.S. at 750; see also Murray v. Carrier, 477 U.S. 478, 488, 494 (1986).

In an attempt to establish "cause" to excuse his default, Johnson points to Attorney Hathaway's alleged ineffective assistance during the PCRA proceeding. In Martinez v. Ryan, — U.S. — , 132 S.Ct. 1309 (2012), the Supreme Court held that in states like Pennsylvania, where state law requires that claims of ineffective assistance of trial counsel be raised in an initial-review collateral proceeding (such as the PCRA), a petitioner may be able to establish "cause" sufficient to overcome a procedural default of "a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective [under the standards of Strickland v. Washington, 466 U.S. 668 (1984)]." 132 S.Ct. at 1320.[5]

Martinez does not provide Johnson with an avenue to establish "cause" for his default in this case. The fault for failing to raise Claim One and Claim Two in the PCRA proceeding falls squarely on his shoulders and not Attorney Hathaway's. Johnson did not raise Claim One or Two in the *pro se* PCRA petition that he submitted to commence his state collateral proceeding. See Commonwealth v. Johnson, No. 2004 WDA 2013, slip op. at 4-5 (Pa.Super.Ct. Aug. 22, 2014) ("Johnson II") (listing claims Johnson raised to the PCRA court).[6] After the PCRA court appointed Attorney Hathaway to represent Johnson in the PCRA proceeding, Attorney Hathaway filed a petition for leave to withdraw as counsel and an

---

[5]  The Supreme Court based its decision on what it determined to be an equitable right to seek relief from a procedural default in a federal habeas matter. It did not hold that a petitioner has a constitutional right to counsel in initial-review collateral proceedings such as the PCRA. Martinez, 132 S.Ct. at 1313-21.

[6]  Johnson II is located on the Court's docket at ECF No. 13-2 at 5-18.

6

accompanying "no-merit" letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa. 1988) in which he explained that, in his professional judgment, Johnson failed to state a colorable claim for PCRA relief.[7] (3/21/13 Turner/Finley Letter, SCR No. 56). The PCRA court granted Attorney Hathaway's request to withdraw and Johnson proceeded *pro se*. Although Johnson had the opportunity to notify the PCRA court when he filed his *pro se* objections to the court's notice of intent to dismiss that he wanted to raise Claim One and Two, he did not do so. (See Notice of Intent to Dismiss, SCR No. 59, and Johnson's Response, SCR No. 60). Then, when he filed his *pro se* appeal to the Superior Court of Pennsylvania, Johnson once again failed to raise Claim One or Two. Johnson II, No. 2004 WDA 2013, slip op. at 8 (listing the five claims Johnson raised in his appeal).[8] Therefore, any failure to exhaust Claim One and Claim Two is attributable solely to Johnson since he was acting *pro se*.

A petitioner also may overcome a procedural default of a claim if he can demonstrate a "miscarriage of justice." This means that a procedural default may be excused if the petitioner presents

---

[7] Attorney Hathaway was charged with exercising his professional judgment in deciding whether Johnson had any colorable claim for PCRA relief and he also had an obligation under Rule 3.1 of Pennsylvania's Rules of Professional Conduct not to raise frivolous claims. See, e.g., Commonwealth v. Chmiel, 30 A.3d 1111, 1190-91 (Pa. 2011).

[8] In his appeal to the Superior Court from the PCRA court's decision to deny relief, Johnson raised the following five claims:

1. Was the November 7, 2010 "police stop" resulting in a twelve (12) hour detention and custodial interrogation in violation of [petitioner's] constitutionally guaranteed rights as afforded by USCA 4, USCA 5 and Pa.CW Art. 1 § 8?
2. Was petitioner denied effective assistance of counsel … at critical stages of trial and appellate proceedings as constitutional and statutory guarantees of USCA 6, Pa.CW Art. 1 § 9 and 42 Pa.C.S. § 9541 *et seq.*?
3. Was petitioner denied Due Process as constitutionally mandated by USCA 14 when the Commonwealth was awarded a conviction for § 3121 & § 3502 without proving every element of charged offense aka Burden of Proof Beyond a Reasonable Doubt?
4. Did the PCRA court abuse its discretion by denying a full and fair evidentiary hearing?
5. Has petitioner satisfied the statutory requirement of 42 Pa.C.S. § 9543.1 to invoke this Court's Judicial Authority compelling trial court's remand order of post-conviction DNA Testing?

Johnson II, No. 2004 WDA 2013, slip op. at 8 (quoting Johnson's appellate brief at 12).

7

evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" Schlup v. Delo, 513 U.S. 298, 316 (1995). The "miscarriage of justice" exception only applies in extraordinary cases where the petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. Schulp, 513 U.S. at 316. This is not the type of extraordinary case in which a petitioner can overcome the default of his claims by way of the miscarriage of justice exception.

Based on all of the foregoing, Claim One and Claim Two are procedurally defaulted and are denied for that reason.

## **C.** **Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Applying those standards here, jurists of

reason would not find it debatable whether each of Johnson's claims should be denied. Accordingly, a certificate of appealability is denied.

**II.**

For the reasons set forth above, the petition for a writ of habeas corpus is denied and a certificate of appealability is denied on all claims.

An appropriate Order follows.

Dated: July 18, 2016

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge